<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOVANO CLARK,**<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**COUNTY OF MIDDLESEX, et al.,**<br><br>　　　　　　　　Defendants. | Civil Action No. 22-2401 (ZNQ) (RLS)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

Plaintiff is proceeding with a civil rights complaint pursuant to 42 U.S.C. § 1983 and state law. (*See* First Am. Compl. ("FAC"), ECF No. 26.) Before the Court is Defendants New Jersey Department of Corrections' ("NJDOC") and Victoria L. Kuhn's (collectively, the "Moving Defendants") motion to dismiss. (Mot., ECF No. 32.) The Court has carefully considered the parties' submissions in support of and in opposition to the Motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, the Court will: (i) GRANT IN PART AND DENY IN PART the Motion; (ii) dismiss without prejudice Counts One and Two of the FAC against the Moving Defendants as voluntarily withdrawn; (iii) dismiss without prejudice Counts Four (to the extent it asserts an intentional infliction of emotional distress claim), Five, Eight, and Nine of the FAC against the Moving Defendants for failure to state a claim for relief; (iv) and decline to exercise supplemental jurisdiction over Plaintiff's state law claims based on negligence theories against the Moving Defendants.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[1]

During all relevant times, Plaintiff was an involuntary resident of the Middlesex County Adult Correctional Center ("MCACC"). (FAC ¶ 4.) On or about June 8, 2021, Plaintiff was brutalized and beaten by inmates at MCACC. (*Id.* ¶ 48.) During the attack, unidentified MCACC correctional officers were present but failed to intervene. (*Id.* ¶¶ 49–50.) The MCACC correctional officers' failure to intervene resulted in serious, permanent injury to Plaintiff, and Plaintiff's eye was surgically removed. (*Id.* ¶¶ 50–52.)

Further, on or about June 18, 2021, Plaintiff was assaulted by unidentified MCACC Correctional Officers in retaliation for reporting the initial inmate assault. (*Id.* ¶ 54.) Specifically, when Plaintiff was headed to his scheduled appointment with a MCACC nurse, the MCACC correctional officers who were escorting Plaintiff slammed Plaintiff's head into the wall. (*Id.* ¶ 56.) Later that day, Plaintiff was again assaulted by three MCACC correctional officers during his shower time. (*Id.* ¶ 57.) Following this attack, Lieutenant Nortesano came to Plaintiff's cell and told him, "this is what happens when you make up stories and tell your lawyer and have your lawyer barking up the wrong people's asses." (*Id.* ¶ 58.)

On April 26, 2022, Plaintiff filed his initial complaint. (Compl., ECF No. 1.) Thereafter, on August 25, 2022, Plaintiff filed the FAC. (*See* FAC.) The FAC alleges nine causes of actions against the Moving Defendants including: a violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 (Count One); a violation of state law and 42 U.S.C. § 1988 (Count Two); negligence (Count Three); intentional and negligent infliction of emotional distress (Count Four); future injury, medical expenses, and future earning capacity damaged by tort (Count Five); negligent

---

[1] For the purposes of this motion, the Court assumes as true the facts alleged in the Complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

hiring, training, and supervision (Count Six); negligent retention (Count Seven); indivisible harm/joint and several liability (Count Eight); and punitive damages (Count Nine). (*Id*. ¶¶ 74–124.)

The Moving Defendants filed the instant Motion on October 31, 2022. (*See* Mot.) Plaintiff submitted an opposition brief on November 29, 2022, (*see* Opp'n Br., ECF No. 38), and Moving Defendants replied on December 15, 2022, (Reply, ECF No. 41.)

On June 21, 2023, the Court ordered Plaintiff and Moving Defendants to submit supplemental briefing regarding whether the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against the Moving Defendants. (*See* June 21, 2023 Text Order, ECF No. 54.) Moving Defendants submitted their supplemental briefing on July 28, 2023, (Moving Defs.' Suppl. Br., ECF No. 57), and Plaintiff submitted his on August 17, 2023, (Pl.'s Suppl. Br., ECF No. 62.) Accordingly, the matter is ripe for determination.

## II. LEGAL STANDARD

In deciding a motion to dismiss, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

In their Motion, the Moving Defendants make the following arguments:

> (i) the Section 1983 and 1988 claims (Count One and part of Count Two) should be dismissed because Moving Defendants are immune from suit under the Eleventh Amendment;
>
> (ii) part of Count Two should be dismissed because they are not "persons" amendable to suit under the New Jersey Civil Rights Act;
>
> (iii) Counts One and Two should be dismissed because Plaintiff fails to plead that the Moving Defendants had any personal involvement, and Plaintiff fails to plead any basis for supervisor liability;
>
> (iv) the negligence claim (Count Three) should be dismissed

4

> because Plaintiff fails to plead a prima facie negligence claim against the Moving Defendants;
>
> (v-vii) the intentional and negligent infliction of emotional distress ("IIED" and "NIED," respectively), negligent hiring, training, and supervision, and negligent retention claims (Counts Three, Four, Six, and Seven) should be dismissed because Plaintiff incurred his alleged injuries at a county-level detention facility; and
>
> (viii) Plaintiff's claim for punitive damages should be dismissed because New Jersey's Tort Claims Act immunizes public entities and the claim does not state an independent cause of action.

(Br. in Supp. i–iii, ECF No. 32-2.) As explained below, the Court need only consider the Moving Defendants' arguments regarding Plaintiff's IIED and punitive damages claims as the Court resolves the other claims for other reasons.

### A. The Court Deems Counts One and Two Against the Moving Defendants Voluntarily Withdrawn

As an initial matter, the Court need not address the Moving Defendants' arguments in the Motion regarding Count One and Two because Plaintiff indicates in his opposition brief that he agrees to the dismissal of those Counts against them. (Opp'n Br. 1.) Accordingly, the Court deems Counts One and Two against the Moving Defendants voluntarily withdrawn, and the Court dismisses them without prejudice.[2] Therefore, the Court denies the Motion in part as moot to the extent it seeks dismissal of Counts One and Two against the Moving Defendants.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Against the Moving Defendants Based on Negligence Theories

The Court also need not address the Moving Defendants' arguments in the Motion regarding Plaintiff's state law claims against them based on negligence theories, *i.e.*, Counts Three, Four (to the extent it asserts a negligent infliction of emotional distress claim), Six, and Seven

---

[2] To be clear, the Court does not dismiss Counts One and Two against the non-moving defendants.

because the Court declines to exercise supplemental jurisdiction over them. The potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Nonetheless, district courts may decline to exercise supplemental jurisdiction in several circumstances, including where a claim raises a novel or complex issue of State law. *See* 28 U.S.C. § 1367(c).

Here, Plaintiff's claims against the Moving Defendants asserting negligence theories all raise the novel issue of whether the NJDOC and its Commissioner owe a duty of care to an inmate housed at a county facility.[3] The Court concludes that this issue is best left to a New Jersey state court, and the Court declines to exercise supplemental jurisdiction over them for this reason.[4] *See, e.g.*, *Alston v. Nat'l Conf. of Bar Exam'rs*, 314 F. Supp. 3d 620, 625, 626 (E.D. Pa. 2018) (declining to exercise supplemental jurisdiction over plaintiff's negligence claim pursuant to § 1367(c)(1) because the question of whether the defendant owed the plaintiff a duty of care presented a novel issue of state law best left to the state courts). Accordingly, the Court denies the Motion in part as moot to the extent it seeks dismissal of Counts Three, Four (to the extent it asserts a negligent

---

[3] On this point, even Plaintiff concedes that "[l]ike the [Moving Defendants], Plaintiff is unaware of and unable to locate any New Jersey authority speaking to whether or not New Jersey common law imposes a duty on the [Moving Defendants]" and that, therefore, "the Court would be within its discretion to decline to exercise supplemental jurisdiction over the state law claims" against them. (Pl.'s Suppl. Br. 2–3.)

[4] Once again, to be clear, the Court does not at this time decline supplemental jurisdiction over Plaintiff's state law claims based on negligence theories against the non-moving defendants.

infliction of emotional distress claim), Six, and Seven.

### C. Whether Plaintiff States an IIED Claim Under New Jersey Law

Next, the Court turns to the Moving Defendant's argument that the FAC fails to state an IIED claim against them. To state an IIED claim under New Jersey law, a claimant must plead sufficient facts for the court to reasonably infer that: (i) the defendants acted intentionally or recklessly, both in doing the act and in producing emotional distress; (ii) that the defendants' conduct was so outrageous in character and extreme in degree as to go beyond all bounds of decency; (iii) that the defendants' actions were the proximate cause of the emotional distress; and (iv) that the emotional distress suffered was so severe that no reasonable person could be expected to endure it. *Buckley v. Trenton Sav. Fund Soc'y*, 544 A.2d 857, 863–64 (N.J. 1988).

Here, the Court agrees with the Moving Defendants that the FAC lacks sufficient facts for the Court to reasonably infer that the Moving Defendants acted intentionally or recklessly or that their conduct was outrageous and extreme. For example, the FAC is devoid of facts from which the Court could infer that the Moving Defendants were aware of the other inmates' or county officers' actions or knew of any specific deficiency in a policy, procedure, or practice that posed a high risk of emotional distress.

Moreover, to the extent that Plaintiff asserts a theory of vicarious liability or respondeat superior against the NJDOC as a basis for his IIED claim, the New Jersey Tort Claims Act provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007) (citing N.J. Stat. § 59:2-10). "Thus, there can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to

such intentional torts, the theory of respondeat superior does not apply." *Id.*

Thus, the FAC fails to state a claim for IIED against the Moving Defendants. Accordingly, the Court will grant the Moving Defendants' Motion in part and will dismiss Count Four to the extent it asserts an IIED claim against the Moving Defendants without prejudice.

### D. Whether Count Nine States an Independent Cause of Action

Finally, the Court turns to the Moving Defendants' argument that Count Nine, which seeks the imposition of punitive damages, should be dismissed because it does not assert an independent cause of action. The Court agrees and adds that Counts Five and Eight, which seek future medical expenses/earning capacity and joint and several liability, respectively, also do not state an independent cause of action but rather merely seek a type of relief or a certain allocation of liability. Accordingly, the Court dismisses Counts Five, Eight, and Nine without prejudice against the Moving Defendants.

### IV. **CONCLUSION**

For the foregoing reasons, the Court will: (i) GRANT IN PART AND DENY IN PART the Motion; (ii) dismiss without prejudice Counts One and Two of the FAC against the Moving Defendants as voluntarily withdrawn; (iii) dismiss without prejudice Counts Four (to the extent it asserts an intentional infliction of emotional distress claim), Five, Eight, and Nine of the FAC against the Moving Defendants for failure to state a claim for relief; (iv) and decline to exercise

supplemental jurisdiction over Plaintiff's state law claims based on negligence theories against the Moving Defendants.   An appropriate Order will follow.

Date: June 17, 2024

s/ Zahid N. Quraishi  
**ZAHID N. QURAISHI**  
**UNITED STATES DISTRICT JUDGE**
